Case 2:19-cv-08040-LSC   Document 3   Filed 07/01/20   Page 1 of 5

FILED
2020 Jul-01 AM 09:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRANDON C. WELLS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 2:19-cv-08040-LSC |
| | ) | (2:13-cr-00211-LSC-SGC-1) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OF OPINION**

**Introduction**

This is a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, filed by Petitioner Brandon C. Wells ("Wells") on October 9, 2019. (Doc. 1.) For the reasons discussed below, the motion is due to be denied and this action dismissed.

**II.     Background**

On July 17, 2013, Wells pled guilty, pursuant to a written plea agreement, to two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On October 29, 2013, Wells was sentenced by this Court to a term of



imprisonment of 112 months and 7 days. Judgment was entered the following day. Wilson did not appeal.

On October 9, 2019, Wells placed in the prison mail this § 2255 motion, seeking relief from his sentence, and it was filed by the Clerk on October 15, 2019. This is his first § 2255 motion.

On April 28, 2020, this Court ordered Wells to show cause within 30 days why his motion should not be dismissed with prejudice as untimely under 28 U.S.C. § 2255(f). Wells did not file a response.

### III.    Discussion

Wells's sole argument is that his convictions for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) should be vacated due to the United States Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Specifically, he argues that the government did not show that he both possessed a firearm *and* knew he held the relevant status as a felon when he possessed it.

Wells's motion to vacate is subject to a one-year statute of limitations from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by

> governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

This Court entered judgment on October 30, 2013, and Wells did not appeal. A federal criminal judgment that is not appealed becomes final for the purposes of § 2255 when the time for filing a direct appeal expires. *See, e.g.*, *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Therefore, Wells's conviction became final on November 13, 2013, fourteen days after this Court entered judgment. *See* Fed. R. App. P. 4(b)(1)(A). Wells did not file the instant motion until October 9, 2019, which is over one year after his conviction became final, thus violating the one-year limitation period found in § 2255(f)(1).

Wells argues that because of the decision in *Rehaif,* the "government has not and definitely cannot provide any evidence" that Wells knew "he had the relevant status of being a convicted felon at the time he possessed the firearm." (Doc. 1.) Although Wells does not specifically speak to the timeliness of his motion, he could

3

only potentially proceed under § 2255(f)(3) because he filed the instant motion within one year of *Rehaif* being decided on June 21, 2019. In *Rehaif*, the United States Supreme Court held that, in prosecutions pursuant to 18 U.S.C. § 922(g), the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194.

However, the Eleventh Circuit Court of Appeals has held that *Rehaif* did not announce a new rule of constitutional law, made retroactive to cases on collateral review. *In re Wright*, 942 F.3d 1063, 1065 (11th Cir. 2019).

Additionally, *Rehaif* was decided after Wells's sentencing. When Wells was sentenced, binding Eleventh Circuit precedent foreclosed the argument that the United States must plead and prove a defendant's knowledge of his status as a felon. *See United States v. Jackson*, 120 F.3d 1226, 1229 (11th Cir. 1997) (holding that a defendant does not have to know of his status as a felon to be convicted of knowingly possessing a firearm after a felony conviction).

While Wells filed his § 2255 motion within one year of the issuance of *Rehaif*, the Supreme Court did not announce a new rule of law and make that rule retroactive. Ultimately, *Rehaif* does not apply retroactively to Wells's case and Wells's argument lacks merit. For these reasons, *Rehaif* does not entitle Wells to the one-year limitations period in 28 U.S. § 2255(f)(3).

**IV.     Conclusion**

For the foregoing reasons, Wells's § 2255 motion to vacate, set aside, or correct a sentence is due to be denied and this case dismissed with prejudice.

Rule 11 of the Rules Governing § 2255 Proceedings requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Rule 11, Rules Governing § 2255 Proceedings. This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This Court finds that Wells's claims do not satisfy either standard.

A separate order consistent with this opinion will be entered.

**DONE** and **ORDERED** on July 1, 2020.

_____
L. Scott Coogler
United States District Judge

201416